**Not for Publication**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| FINLEY FENTON,<br><br>   *Plaintiff*,<br><br>v.<br><br>U.S. SECURITY ASSOCIATES, INC. and JOHN DOES 1-10,<br><br>   *Defendants*. | Civil Action No. 17-13589<br>(JMV) (MF)<br><br>**ORDER** |

**John Michael Vazquez, U.S.D.J.**

  This matter comes before the Court on the January 9, 2020 Report and Recommendation (the "R&R") of Magistrate Judge Mark Falk. D.E. 21. The R&R addressed Defendant U.S. Security Associates, Inc.'s unopposed motion to dismiss for failure to prosecute. D.E. 20. The R&R recommends that this Court dismiss Plaintiff's Complaint because Plaintiff failed to comply with the Court's March 8, 2019 Order compelling his attendance at a conference before the Court knowing dismissal was a possible sanction (D.E. 17), failed to respond to defense counsel's attempted communications for over a year, failed to oppose Defendant's motion, and appears to have "willfully abandoned his case against Defendant." R&R at 5; and it

  **APPEARING** that the parties were advised as to the dates that any objections to this R&R were to be served and filed. D.E. 21; and it

  **APPEARING** that no objections to the R&R have been received and the time for filing any objections has expired; and it

**APPEARING** that "where no objections are made in regard to a report or parts thereof, the district court will adopt the report and accept the recommendation if it is 'satisf[ied] . . . that there is no clear error on the face of the record.'" *Sportscare of Am., P.C. v. Multiplan, Inc.*, No. 10-4414, 2011 WL 500195, at *1 (D.N.J. Feb. 10, 2011) (quoting Fed. R. Civ. P. 72 Advisory Committee's Notes); and it

**APPEARING** that this Court independently reviewed the record and the R&R, and hereby adopts it as the Opinion of this Court. In adopting the R&R, this Court, like Judge Falk, is mindful of *Hildebrand v. Allegheny County*, which reiterates that when possible, cases should be decided on the merits. 923 F.3d 128, 132 (3d Cir. 2019). In *Hildebrand*, the Third Circuit echoed Supreme Court guidance and repeated its prior directions that a sanction of dismissal with prejudice is extreme and "must be a sanction of last, not first, resort." *Id.* (quoting *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 867, 869 (3d Cir. 1984)). Here, given Plaintiff's repeated failure to participate in litigation that he initiated, this Court concludes that Judge Falk appropriately concluded that the *Poulis* factors weigh towards dismissal;

**THEREFORE**, for the foregoing reasons, and for good cause shown,

**IT IS** on this 2nd day of June, 2020,

**ORDERED** that the Court adopts the Report and Recommendation, D.E. 21, in its entirety; and it is further

**ORDERED** that Defendant's motion to dismiss (D.E. 20) is **GRANTED** and Plaintiff's Complaint is hereby **DISMISSED**; and it is further

**ORDERED** that the Clerk of the Court is directed to close this matter; and it is further

**ORDERED** that the Clerk's Office shall mail a copy of this Order and the accompanying Report and Recommendation (D.E. 21) to Plaintiff by regular mail and by certified mail return receipt.

                                                _____
                                                John Michael Vazquez, U.S.D.J.